OA 91 Criminal Complaint

# United States District Court

| NORTHERN | DISTRICT OF | CALIFORNIA |
|---|---|---|

UNITED STATES OF AMERICA
V.
GREGORY ALLEN WEISS

**CRIMINAL COMPLAINT**

Case Number: **3  08  70235**

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about **July 26, 2006** (Date) in **Sonoma** County, in the **Northern** District of **California** defendant(s) did,

(Track Statutory Language of Offense)

See Attachment A

in violation of Title **21/18** United States Code, Section(s) **812, 841(a)(1), 841(b)(1)(A), 846/2**.

I further state that I am a(n) **Special Agent of the DEA** and that this complaint is based on the following facts:

See Attachment B

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: _____ AUSA

Joshua Craven
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

April 17, 2008
Date

at San Francisco, California
City and State

HON. NANDOR VADAS
U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer



# ATTACHMENT A

### Count One

unlawfully, knowingly, and intentionally distribute, and possess with intent to distribute, a controlled substance, to wit, 1,000 and more marijuana plants, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Two

unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with others known and unknown to distribute and to possess with intent to distribute a controlled substance, to wit, 1,000 and more marijuana plants, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

## ATTACHMENT B

## AFFIDAVIT OF JOSHUA CRAVEN

I, JOSHUA CRAVEN, Special Agent of the Drug Enforcement Administration, United States Department of Justice, being duly sworn, do declare and state:

1. I am a Special Agent of the Drug Enforcement Administration ("DEA") and have been so employed since September 2005. I am presently assigned to the Santa Rosa Resident Office of the San Francisco Division of the DEA. I have participated in investigations of, among other things, narcotics trafficking and related crimes. I have received training at the DEA Academy in Quantico, Virginia, to include training on violent crimes, narcotics investigations, case management, informant development, and Title III investigations. I obtained the information set forth below either through my own investigation or from conversations with and/or written reports of other DEA Special Agents and state and local law enforcement officers.

2. This Affidavit is made in support of a Criminal Complaint charging **GREGORY ALLEN WEISS** with: (a) distributing and possessing with the intent to distribute, 1,000 and more individual marijuana plants, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), and Title 18, United States Code, Section 2; and (b) conspiring to distribute, and to possess with intent to distribute, 1,000 and more individual marijuana plants, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

3. Because this Affidavit is submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me that supports probable cause for arrest. Rather, I have set forth only the facts that I believe are necessary to support the lawful arrest of the individual listed in this Affidavit.

4. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

5. On or about July 26, 2006, other DEA agents and I, along with Special Agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and members of the Sonoma County Narcotics Task Force and the Petaluma Police Department, executed a search warrant issued by the Sonoma County Superior Court for the property known and described as 11100 Falstaff Road, Sebastopol, California ("11100 Falstaff Road"). During this search, other law enforcement agents and I found, among other things, the following:

    a.    There was a main residence and two smaller out-buildings located at 11100 Falstaff Road. The out-building at the south end of the property housed a large indoor grow that contained approximately 1,000 rooted plants that, based on my experience and training, I recognized to be marijuana. This south out-building also contained approximately 16,430 grams of processed marijuana. The out-building at the north end of the property housed another indoor marijuana grow that contained approximately 691 larger, rooted marijuana plants.

    b.    Power to each of the out-buildings was supplied by separate diesel generators. According to markings on the generator, the generator powering the north out-building was supplied by a business referenced herein as "Company 1." According to markings on the generator, the generator powering the south out-building was supplied by a business referenced herein as "Company 2." An industrial air conditioning unit was also installed in the north out-building, and according to markings on the unit, it was supplied by a business referenced herein as "Company 3."

    c.    The main residence also contained narcotics and items related to narcotics trafficking. For instance, marijuana clones were stored in the basement, while processed marijuana totaling approximately 865 grams was found in the main residence's office, kitchen, master bedroom, master bathroom, and living room. In addition, approximately 888 grams of marijuana was found in the pantry. Furthermore, a substance that appeared to be methamphetamine was found in the master bedroom, which laboratory testing later determined was approximately 11.5 net grams of 48% pure methamphetamine. Moreover, .357 caliber rounds and approximately $7,906 in cash were also found in the master bedroom.

    d.    A distinctive odor, which, based on my experience and training, I recognized to be marijuana, was noticeable at 11100 Falstaff Road.

6. Based on the evidence found at 11100 Falstaff Road (some of which was described in the preceding paragraph), three individuals who were found in the main residence were arrested and charged with narcotics-related crimes in violation of California state law. Other agents and I also seized various items of evidence, including the narcotics contraband described in the preceding paragraph, and particular pieces of equipment, including two generators and the air conditioning unit also referenced in the preceding paragraph.

7. According to Sonoma County property records, 11100 Falstaff Road was, at all times relevant to this Affidavit, including in July 2006, owned in part by **GREGORY ALLEN WEISS**. In addition, utility records indicated that the utility account for 11100 Falstaff

Road was held under **WEISS**'s name at all times relevant to this Affidavit. Moreover, utility records for the six months prior to July 2006 indicate that an unusually high amount of energy was used at 11100 Falstaff Road. The monthly bills ranged from approximately $974 to $1,500, which, based on my experience and training, and in combination with the pervasive odor of marijuana at 11100 Falstaff Road, I know to be consistent with, and indicative of, the operation of a large-scale, indoor marijuana growing operation at 11100 Falstaff Road, because such an operation requires the use of, among other things, powerful lights to simulate sunlight and air conditioning to maintain temperatures in order to create a suitable indoor environment for growing marijuana plants. In addition, based on my experience and training and the evidence found at 11100 Falstaff Road — including the sophisticated equipment installed at the grows and the number and size of the marijuana plants seized — I believe that the marijuana grows found at 11100 Falstaff Road had been in operation for a substantial period of time, likely exceeding the six months covered in the utility records I reviewed.

8. Later on or about July 26, 2006, following the search of 11100 Falstaff Road, other law enforcement officers and I executed a search warrant issued by the Sonoma County Superior Court for the property known and described as 310 Squirrel Hollow Court, Petaluma, California, which, according to public records, was the residence of **GREGORY ALLEN WEISS**. During this search, other law enforcement agents and I found, among other things: (a) approximately $49,199 in cash; (b) approximately 1,715 net grams of processed marijuana; (c) a police scanner; and (d) an electronic money counter. During the course of the search, **WEISS**, who was not under arrest at the time, advised other agents and I of the following, among other things and in sum and substance: (a) he owned 11100 Falstaff Road and rented it to others; (b) he was not aware that there was marijuana in his home (310 Squirrel Hollow Court); and (c) his income came from real estate investments and businesses, including a tanning salon located at 6910 Weeks Way, Sebastopol, California ("6910 Weeks Way").

9. Following the execution of the search warrants on or about July 26, 2006, described in the preceding paragraphs, other agents and I learned from reviewing business documents and speaking with several witnesses that **GREGORY ALLEN WEISS** was personally involved in procuring or maintaining some of the equipment used to operate the marijuana grows at 11100 Falstaff Road. For instance:

    (a) I learned from a report prepared by another DEA agent that an individual ("Witness 1") who worked for Company 1 advised the agent that s/he met **WEISS** in or about 2003 when **WEISS** went to Company 1 to pick up generator parts. Witness 1 stated that in the ensuing years, **WEISS** hired Company 1 to make service calls for a 150 kilowatt generator located at 11100 Falstaff Road. Witness 1 also advised that **WEISS** purchased a 225 kilowatt generator from Company 1 in or about 2004 or 2005.

 (b) I learned from a report prepared by another DEA agent that another employee of Company 1 ("Witness 2") advised the agent that s/he went to 11100 Falstaff Road in or about 2004 to fix a generator and that **WEISS** personally met him/her and escorted him/her to the generator. Witness 2 also reported that s/he had been to 11100 Falstaff Road to make other service calls on three subsequent occasions, and **WEISS** was present on two of those occasions.

 (c) I have reviewed business records provided by Company 1, which indicated, among other things, that it performed a service call for a 200 kilowatt generator located at "11000 [sic] Falstaff Road" in or about August 2005, and that the person billed for this service was "Greg Weiss" of "310 Squirrel Hollow Court, Petaluma, California." These records also indicated that "Greg Weiss" purchased a diesel generator from Company 1 in or about August 2005, and that Company 1 made another service call for "Greg Weiss" at the Falstaff Road address in or about June 2005.

 (d) I spoke with another individual ("Witness 3") who worked for Company 2, who advised me that s/he met **WEISS** in or about April 2006, when **WEISS** rented a generator. Witness 3 advised me that, pursuant to **WEISS**'s directions, this generator was delivered to 11100 Falstaff Road. Witness 3 reported that **WEISS**, with one exception, subsequently made his rental payments in cash.

 (e) I spoke with another individual ("Witness 4") who worked for Company 3. I advised Witness 4 of the serial number of the industrial air conditioning unit that had been found and seized from 11100 Falstaff Road on or about July 26, 2006, and Witness 4, after checking Company 3's records, advised me that the air conditioning unit had been rented from Company 3 by **WEISS** on or about March 16, 2005. According to Witness 4, the delivery address for the air conditioner was 6910 Weeks Way, i.e., the address of **WEISS**'s tanning salon. Witness 4 also advised me that this rental was charged to a particular credit card that was issued under **WEISS**'s name. Witness 4 stated that **WEISS** kept this air conditioner for a "long" time, approximately one year. Witness 4 also advised me of the listed contact telephone number for this past rental, and I recognized it to be **WEISS**'s home number at 310 Squirrel Hollow Court.

10. I have examined markings, including serial numbers, on the two generators and the air conditioning unit seized from 11100 Falstaff Road on or about July 26, 2006, and have confirmed that: (a) the generator seized from the south out-building was rented from Company 2, which, according to Witness 3, was rented by **GREGORY ALLEN WEISS**; (b) the generator seized from the north out-building was rented from Company

1, which, according to Witness 2, was rented by **WEISS**; and (c) the air conditioning unit was purchased from Company 3, which, according to Witness 4, was purchased by **WEISS**.

11.  All non-drug evidence seized during the events described in this Affidavit remain in the custody of the DEA. Representative samples of all narcotics evidence seized were submitted to the DEA laboratory for analysis.

### SUMMARY

Based on the foregoing, I hereby assert that probable cause exists to believe that **GREGORY ALLEN WEISS** is in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2, specifically, distribution and possession with intent to distribute, and conspiring to distribute, and to possess with the intent to distribute, more than 1,000 plants of marijuana.

JOSHUA CRAVEN
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 17TH DAY OF APRIL, 2008

HONORABLE ~~JAMES LARSON~~ NANDOR VADA
~~Chief~~ United States Magistrate Judge
Northern District of California

-5-